UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
FLORIDA <u>PANAMA CITY</u> DIVISION

# CIVIL RIGHTS COMPLAINT FORM

<u>TO</u> <u>BE USED BY PRO SE (NON-PRISONER) LITIGANTS IN ACTIONS
UNDER 28 U.S.C. 1331 or 1346 OR 42 U.S.C. 1983</u>

David Lee Jones, Pro Se;

(Enter full name of Plaintiff(s)
vs.

Gordon R. England, The Secretary of the Navy;
Victor Jimenez, Commanding Officer, NSWC-PC;
Irma Burden, NSWC-PC, Deputy EEO Officer;
Scott Dorsch, Former Brach Head, Code A84;
John Auzins, Division Head, Code A84;
John Brady, Former Branch Head, Code A84;
Paul Pettofrezzo, Division Head, Code A84;
J. Marc Eddie, Temporary Branch Head, Code A84;
Dan Crute, Division Head, Code A84;
Rebecca Ferris, Acting Branch Head, Code A84;
Tom Seldenright, Acting Branch Head, Code A84;
Clint Mayo, Manager;
Steve Segrest, Department Head, Code A84; and
Richard Fowler, Human Resources Officer.

CASE NO: 5:04cv415-RH/wcs

**(To be assigned by Clerk)**

**(Enter name and title of each Defendant. If additional space is required, use the blank area below and directly to the right.)**

**ANSWER <u>ALL QUESTIONS ON THE FOLLOWING PAGES</u>:**

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PANAMA CITY, FLA.

04 DEC -7 AM 11: 48

FILED

## I. PLAINTIFF:
State your full name and full mailing address in the lines below.

Name of Plaintiff: David Lee Jones

Mailing address: 717 Williams Avenue, Panama City, FL 32401


## II.   DEFENDANT(S):
State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1)   Defendant's name: Gordon R. England
      Official position:    The Secretary of the Navy
      Employed at:          The Pentagon
      Mailing address:      Washington, DC 20350-1000

(2)   Defendant's name: Captain Victor Jimenez
      Official position:    Commanding Officer
      Employed at:          Naval Surface Warfare Center-Panama City
      Mailing address:      110 Vernon Avenue
                            Panama City, FL 32407-7001

(3)   Defendant's name: Irma Burden
      Official position:    Deputy Equal Employment Opportunity Officer
      Employed at:          Naval Surface Warfare Center-Panama City
      Mailing address:      110 Vernon Avenue
                            Panama City, FL 32407-7001

(4)   Defendant's name: Scott Dorsch
      Official position:    Former Branch Head
      Employed at:          Naval Surface Warfare Center-Panama City
      Mailing address:      110 Vernon Avenue
                            Panama city, FL 32407-7001


**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

## DEFENDANTS (S): CONTINUATION PAGE 2

(5) Defendant's Name: John Auzins
    Offical position: Division Head, Code A84
    Employed at: Naval Surface Warfare Center-Panama City
    Mailing address: 110 Vernon Avenue
    Panama City, FL 32407-7001

(6) Defendant's Name: John Brady
    Official position: Former Branch Head, Code A84
    Employed at: Naval Surface Warfare Center-Panama City
    Mailing address; 110 Vernon Avenue
    Panama City, FL 32407-7001

(7) Defendant's Name: Paul Pettofrezzo
    Offical position: Division Head, Code A84
    Employed at: Naval Surface Warfare Center-Panama City
    Mailing address: 110 Vernon Avenue
    Panama City, FL 32407-7001

(8) Defendant's Name: Dan Crute
    Offical position: Division Head, Code A84
    Employed at: Naval Surface Warfare Center-Panama City
    Mailing address: 110 Vernon Avenue
    Panama City, FL 32407-7001

(9) Defendant's Name: Rebecca Ferris
    Offical position: Acting Branch Head, Code A84
    Employed at: Naval Surface Warfare Center-Panama City
    Mailing address: 110 Vernon Avenue
    Panama City, FL 32407-7001

(10) Defendant's Name: Tom Seldenright
     Offical position: Acting Branch Head, Code A84
     Employed at: Naval Surface Warfare Center-Panama City
     Mailing address: 110 Vernon Avenue
     Panama City, FL 32407-7001

2A

## II. DEFENDANTS(S):   CONTINUATION PAGE 2B

(11) Defendant's Name:   Clint Mayo
    Offical position:        Manager
    Employed at:          Naval Surface Warfare Center-Panama City
    Mailing address:      110 Vernon Avenue
                          Panama City, FL 32407-7001

(12) Defendant's Name:   Steve Segrest
    Offical position:        Department Head, Code A84
    Employed at:          Naval Surface Warfare Center-Panama City
    Mailing address:      110 Vernon Avenue
                          Panama City, FL 32407-7001

(14) Defendant's Name:   Richard Fowler
    Offical position:        Human Resources Officer
    Employed at:          Naval Surface Warfare Center-Panama City
    Mailing address:      110 Vernon Avenue
                          Panama City, FL 32407-7001

2B

### III. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim, in describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If **there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.**)

1. Plaintiff, David Lee Jones brings this action to redress injury done to Plaintiff by the defendant's for intentional discriminatory, disparate treatment on the basis of retaliation against Plaintiff for filing a charge of discrimination of his Civil rights. Plaintiffs request this court to take jurisdiction over this action because venue of this action is properly placed and because all claims arose in this district.
2. Plaintiff David L. Jones is an African American male citizen of the United States and a resident of Panama City, Bay County, Florida. Plaintiff belongs to a protected class.
3. At all times during which the acts that are the subject of this litigation took place, David L. Jones was an employee of defendant, the Navy. The Navy was plaintiff David L. Jones sole employer within the meaning of this complaint.
4. Plaintiff David L. Jones is an African American male citizen of the United States and a resident of Panama City, Bay County, Florida. The Plaintiff belongs to a protected class and has satisfied all conditions precedent to bringing a lawsuit and has exhausted all administrative remedies required by seeking EEO counseling for his Initial Contact with an Navy EEO Counselor on March 8, 2002; date of Initial Interview was March 12, 2002; date of Final Interview March 16, 2002; date of Formal Complaint filed and receive by the Navy was March 17, 2002; date Navy requested an EEO Complaint Investigation was May 2, 2002.
5. Plaintiff Jones requested that the Navy Deputy EEO Officer Irma Burden to accept plaintiff's timely filed for investigation his "Like or Related Issue Claims for Investigation on July 18, 2002. Ms. Irma Burden, Navy Deputy EEO Officer has not responded to plaintiff's request to this date.
6. Plaintiff requested to have his current Performance Evaluation be added as an issue before the DOD CPMS/OCI, Atlanta Regional Office investigator in the form of Reprisal and Retaliation in promotions from July 20, 1071 to the present. See EEO Counselors Report.
7. Ms. Irma Burden also had before her for approval an issue of Disparity in Treatment in Quality Salary Increases (QSI) from July 20, 1971 to the present.
8. Ms. Irma Burden did not grant a timely filed issue of official Training, which she did not grant as an issue.
9. Ms. Irma Burden also denied plaintiff the right add Sex (male) and denial of Job

3

Assignments as and issue when plaintiff Jones compares himself with other similarly situated male and female co-workers in the Electronic Technician career field.

10. Ms. Irma Burden, Deputy EEO Officer was also requested in plaintiff's "Request for Like or Related Issues Claims" letter dated July 18, 2002 to authorized the DOD-COPMS/OCI, EEO investigator to review any violations of the Navy's Promotion and Internal Placement of the Office of Personnel Management rules and regulations. This should have been done all GS-09 thur Gs-12 Electronic Technicians Training and Promotions Patterns.

11. Ms. Burden denied the plaintiff to amend his complaint to include the issue of hostile working environment.

12. Plaintiff requested Ms. Irma Burden to contact Mr. Richard Fowler, Human Resources Officer to see if his office made any errors in assigning Promotions And Quality Salary Increases.

13. The last issue that plaintiff Jones requested of the Navy Deputy EEO Officer was Navy Credibility on July 18, 2002. All of Plaintiff's requests were denied. Therefore, Ms Irma Burden, Deputy EEO Officer denied the plaintiff fifty percent Of his formal EEO Complaint.

14. DOD-CPMS/OCI issued their Findings in the plaintiff's Complaint against the Navy on September 27, 2002.

15. Plaintiff received a copy of the Investigative File (ROI) on October 8, 2002 and requested an EEOC Miami District Office for a Formal Hearing on November 6, 2002. The Commission issued an Acknowledgement on December 10, 2002.

16. The Miami EEOC District Office Administrative Judge of Record stated during the plaintiff's June 25, 2003, Prehearing Telephonic Conference Call that she was going to issue a Findings and Conclusion Without a Hearing (Summary Judgment) without a hearing any of the plaintiff's objections. No issues were approved, no witnesses approved or disapproved over the plaintiffs objections. The Navy representative stated that the plaintiff does not need any witnesses approved. The Administrative Judge set July 2, 2003 to respond to her Order. The appellant instructed his representative to issue on June 30, 2003 to issue a withdrawal and request for a Navy Final Decision. On July 2, 2004 the plaintiff submitted his response to the Administrative Judge's proposed "Findings and Conclusion Without a Hearing". The plaintiff believed that the EEOC Administrative Judge Joy R. Helprin and the Navy representative Attorney Steve Conway have conspired against me because he filed a formal EEOC Complaint.

17. On July 1, 2003 the EEOC Miami District Office Administrative Judge issued the plaintiff's request for withdrawal and forwarded decision to the Navy Yard, Washington, D.C., for the Navy's Final Decision.

18. The Navy new as in passed EEOC Appeals when they received a decision from and EEOC Administrative they have only have 40 days to respond to the EEOC

by regulations. The plaintiff did not receive a response within 40 days from the Navy. Some 153 day later the plaintiff still had not received the Navy's Final Decision.

19. The plaintiff had to request the assistance of the EEOC/OFO. Inspector General's Office on December 31, 2003. The Appellant requested a " Chain of Custody Investigation as to why the Navy has not responded to their EEOC Administrative Judges Order Effective July 2, 2003 for a "Final Agency Decision".

20. It took the Navy over (8) months to issue their final decision, approximately 225 days and the EEOC did not sanction the Navy for their 245 day Untimely Final Agency Decision.

21. The EEOC/OFO issued a Commissioned final decision dated July 7, 2004, received July 10, 2004. The plaintiff issued a response for Enbanc Decision on their Reconsideration from the Entire Commissioner as they have issued hundred of Commission Highlights Decisions in the past.

22. It is common knowledge that the EEOC has ruled against the Navy when they did not respond to an EEOC Administrative Judges Order concerning damages and 12 Navy electronic technicians' employees were entitled to benefits for overtime.

23. This Naval installation has gone through some command and name changes since his employment with this installation since 1971. The plaintiff will now list the installation name and command changes for the New Commanding Officer's assumptions of Command by Captain Victor Jimenez, NSWC-PC. (a) Naval Ship Research and Development Laboratory from November 1968, until February 1972. The installation name changes to Naval Coastal Systems Laboratory, which took place in February 1972 until March 1978. The Navy submitted another name change to Coastal Systems Center, which took place during March 1978 until January 1992. The Navy submitted another name change to Coastal Systems Station took place January 1992 until May 2004 and current new name is the Naval Surface Warfare Center-Panama Center (NSWC-PC) May 2004 to the present. All intentional discriminatory employment acts that were related and act of omissions which the New Commanding Officer Victor Jimenez assumed all of the responsibility of the Navy past commanders. This meets the Court requirements to explain how each of the proposed defendant discriminated against the plaintiff. The Commander is responsible for the act of the Navy's Officers, Supervisors, Managers and employees under the Assumption of Command.

24. Plaintiff Jones contacted Division Head John Auzin, second level Supervisor and questioned him as to why he did not recommend plaintiff for Promotion to the GS-12 Electronic Technician grade level? Mr. Auzin Instructed the plaintiff to seek Navy EEO Counseling if plaintiff wanted a Response. Mr. Auzin is aware that there are no African Americans male or Technical employees with degrees in their fields, knowledge, skills, abilities, and with experience. Mr. Auzin and all of plaintiff alleged defendant new or should have known that the plaintiff was a Lead Technician effected 1/1992.

3B

25. The plaintiff and African American male employee has been denied the proper job assignments; entitlement to overtime which has been denied since 1999; promotion to GS-12, while the Navy is allowing other white male and female employees with less experience and training at the time of their promotions to go ahead of the plaintiff, when he was the Lead Technician of which he was rewarded with an instant promotion To the GS-09, Electronic Technician for his work he preformed and his team he gave directions to these Electronic Technicians.

26. On or about February 27, 2004 another African American male Technician Requested that the plaintiff testify on his behalf. The plaintiff states that he testified for about three hours. Plaintiff only questions the EEOC Administrative findings based upon what he testified to at the hearing.

27. On June 25, 1999 the plaintiff was apart of a Federal Labor Relations Authority (FLRA) appeal for overtime. There was a settlement to this appeal. There are some issues as to why the plaintiff has not received any electronic technician job assignments since October 13, 1999. At this rate a court official needs to review all aspects of this settlement that has left the plaintiff of any overtime and job assignments.

28. The plaintiff believes that he has a claim of years of unscheduled overtime while allowing other white technicians overtime and constant promotions. The plaintiff believes that he has a claim of intentional discrimination in overtime alone in the amount of approximately $125,000.00 in overtime lost to the Navy supervisors denial of job assignments that carries overtime is intentional discrimination over the years.

29. On September 9, 2004, U. S. Post Mark, the EEOC issued their Final Order and Right to Sue Letter to the plaintiff which he received on September 13, 2004.

30. The following management officials denied the plaintiff overtime, promotions, training, electronic technician job assignments, hostile work environment for a long period of time, bonuses, and FMSC settlement agreement violations: Scott Dorsch; John Auzins; John Brady; Paul Pettofrezzo; J. Marc Eddie; Dan Crute; Rebecca Ferris; Tom Seldenright; Clint Mayo and Steve Segrest. Richard Fowler is responsible for requiring the plaintiff to have an Desk Audit knowing that the plaintiff has not been assigned any type of electronic technician work to be graded on. Plaintiff position is that Mark McCant, GS-12, Electronic Technician, Code A84. Mr. Richard Fowler, Human Resources Officer new the Plaintiff worked with is co-worker side by side for over 10 years performing GS-12 work. Therefore the plaintiff feels that the amount of work should have qualified the plaintiff for the GS 12, promotion and no need for a desk audit.

31. As a result of the Navy's actions, plaintiff's David L. Jones has been forced to seek an attorney to protect his rights and is required to pay him reasonable fees.

3C

**STATEMENT OF CLAIMS:**

State what rights under the constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claims and relate it to the facts alleged in Section III. If **claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

1. The plaintiff stated in section III that the Navy has intentionally discriminated and violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. , and 42 U.S.C. 2002et seq. The plaintiff cites his initial claim to this District Court and the entire appeal case file held by the EEOC.
2. This court has jurisdiction over this action under 42 U.S.C.2000e-5 (f) and 28 U.S.C. 1331 and 1333 (3) & (4).
3. Public Law 105-261, 5 U.S.C. Chapter 5596, The Back Pay Act. When the Navy denied the plaintiff to be scheduled overtime inaccordance with The Federal Labor Relations Authority Grievance (FLRA) (FMSC File No. 98-05949 between the U.S. Navy, Coastal Systems Station and the American Federation of Government Employees, Local No. 1380. Here the union agreement states that overtime will be given out equally to all (65) technicians.
4. The Navy is in violation of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 5 FEP Cases 965 (1973). Is used to establish "Similarly Situated" and hostile work environment.
5. The Navy received a copy of the EEOC Notice to the Parties July 1, 2003. Notice that the Navy had forty (40) days of receiving this decision and hearing record, they were required to issue a final order notifying the complaint whether or not the Navy will fully implement this decision or issue a Final Agency Decision. The Navy did not issue a notice of appeal rights within the forty- (40) day time limit. The plaintiff then issued a request to the EEOC/OFO/IG of a "Chain of Custody Investigation from the EEOC" Miami District Office on why the Navy has not responded to the Administrative Judge's Order effective July 2, 2003, U.S. Post Mark. The plaintiff submitted his request for a Chain of Custody on December 31, 2003. The Navy did not respond until March 9, 2003. The Navy was in violation for one hundred fifty (150) days then after and appeal to the EEOC/OFO another ninety-two (92) days went by therefore a total 242 days had past after the normal EEOC five day allowed for a letter to arrived. The Navy is in violation of the Administrative Judge's Order/Decision (see: 29 CFR 1614.110(a). If the Agency (Navy) fails to carry out the Judges order in a timely manner, then the plaintiff deemed that his request for maximum amount of $300,000.00 for non-pecuniary compensatory should be granted. Case in Point see: Gay v. Department of Defense, Department of the Navy, 103 LRP 48500 (EEOC 10/09/03) plus attorney's. This was the amount paid out by order of the EEOC for being untimely responding to the plaintiff.

4

6. <u>The plaintiff has requested back pay for denial of overtime In The United States Court of Federal Claims, Allan E. Alves, ET AL, Plaintiffs, v. The United States, Defendant. No. 90-478C (Judge Bruggink) the Navy paid out $200,000.00 to 12 Navy electronic technicians inaccordance to the benefits under the Fair Labor Standards Act (FLSA).</u>

## V.  RELIEF REQUESTED:

State briefly what relief you seek from the court. Do not make legal arguments or cite to cases/ statutes.

Wherefore, Plaintiff David L. Jones, respectfully prays for judgement of compensatory damages against Defendant, Gordon L. England, Secretary of the Department of the Navy, for an including compensation, back pay, mental suffering, pain and anguish, loss of sleep, humiliation, loss of enjoyment of life and attorney fees and other such relief as the Court may deem just and equitable. Plaintiff demands a trial by jury on all issues raised by the Complaint.

The Plaintiff request this Court to Grant a 45-day extension of time for the Plaintiff in order for the Plaintiff proposed attorney can review the five (5) pounds of case files and materials. Plaintiff proposed attorney instructed him that he should file this appeal pro se, with the Clerk of the Federal Court. Plaintiff proposed attorney stated that he has an obligation to his current clients, but he has agreed to discuss the merits and conditions of representation to determine that I have a meritorious case. If this Court approves this request then Plaintiff proposed attorney will file a notice of appearance and after going over all of Plaintiff documentation and evidence he will file an Amended Complaint. Plaintiff request U. S. District Court Rules 6.1 and Rule 7.1(A) be granted for Plaintiff proposed attorney Notice of Appearance.

Plaintiff request the Court guard against Navy witnesses lying under oath. Allow the Plaintiff to present Discrete Acts of Intentional Discrimination and therefore support Plaintiff claim for Continuing Violation charges. Request the Court to take Judicial Notice for Plaintiff's "Request for a Chain of Custody" to the Navy's actions.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

12-07-04
(Date)

(Signature of Plaintiff)

Revised 07 /02                                    4A